IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Robert Tolbert, | ) Civil Action No. 1:19-2135-BHH |
| Petitioner, | ) |
| v. | ) **OPINION AND ORDER** |
| Warden of FCI Estill, | ) |
| Respondent. | ) |

Robert Tolbert, ("Petitioner"), proceeding *pro se*, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., the action was referred to United States Magistrate Judge Shiva V. Hodges for pretrial handling and a Report and Recommendation ("Report"). Judge Hodges recommends that this action be dismissed without prejudice and without requiring Respondent to file a return. (ECF No. 10.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.

## **BACKGROUND**

Petitioner asserts he is actually innocent of his career offender enhancement in light of *Mathis v. United States*, 136 S. Ct. 2243 (2016), and seeks resentencing. On September 18, 2019, the Magistrate Judge issued a Report (ECF No. 10), and on October 8, 2019, Petitioner filed his objections (ECF No. 14). The Court has reviewed the objections, but finds them to be without merit. Therefore, it will enter judgment accordingly.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## DISCUSSION

The Magistrate Judge found that this court lacks jurisdiction to consider Petitioner's § 2241 petition because Petitioner cannot show that § 2255 is inadequate to test the legality of his sentence. Petitioner filed "objections" to the Report, which the Court has carefully reviewed. Petitioner's filing fails to state a specific objection or direct the Court to any specific error in the Magistrate's proposed findings and recommendations. (*See* ECF No. 14.) Rather, Plaintiff's filing appears to be a boilerplate form—including sections entitled "Preliminary Statement," "Objections," and

"Conclusion and Recommendation"—that Plaintiff submitted without filing anything into the space provided for specific objections. (*See id.* at 1.) Plaintiff's "objections" are general and conclusory and fail to specifically identify the portions of the Report to which objections are made. The Report concludes that the Petitioner is unable to meet the § 2255 savings clause requirements and this Court lacks jurisdiction to consider the petition. The Court agrees with the analysis of the Magistrate Judge. Petitioner's objections provide no basis for this Court to deviate from the Magistrate Judge's recommended disposition. Therefore, the Court overrules Petitioner's objections.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates by reference the Magistrate Judge's Report herein. It is therefore ORDERED that Petitioner's § 2241 petition is DISMISSED without prejudice and without requiring the respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

October 9, 2019
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.