UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| Robert Tolbert, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>)<br>)<br>Warden FCI Estill, )<br>)<br>Respondent. )<br>_____) | Civil Action No. 1:19-2135-BHH<br><br>**OPINION AND ORDER** |

Petitioner Robert Tolbert ("Petitioner") filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2)(c), D.S.C., the action was referred to United States Magistrate Judge Shiva V. Hodges, for pretrial handling and a Report and Recommendation ("Report"). Magistrate Judge Hodges recommends that Court dismiss the petition without prejudice and without requiring Respondent Warden FCI Estill ("Respondent") to file a return. (ECF No. 10.) The Report sets forth in detail the relevant facts and standards of law on this matter and the Court incorporates them without recitation.[1]

**BACKGROUND**

In this § 2241 action, Petitioner, a federal inmate at FCI Estill, challenges his federal sentence imposed by the U.S. District Court for the Middle District of Pennsylvania, claiming that his prior convictions do not qualify him as a career offender and that he should be resentenced without the career offender enhancement. (ECF No.

---

[1] **Error! Main Document Only.**As always, the Court says only what is necessary to address Petitioner's objections against the already meaningful backdrop of a thorough Report and Recommendation by the Magistrate Judge; comprehensive recitation of law and fact exist there.

1

1 at 6–7.) The Magistrate Judge issued her Report recommending that the petition be dismissed on September 18, 2019. (ECF No. 10.) Petitioner timely filed objections (ECF No. 14) to the Report. The Court initially adopted the Report, overruling Petitioner's objections and dismissing the petition without prejudice and without requiring Respondent to file a return, on October 9, 2019. (ECF No. 15.) On September 15, 2020, the U.S. Court of Appeals for the Fourth Circuit vacated and remanded, noting that the Court failed to conduct the requisite *de novo* review given Petitioner's specific objections. (ECF No. 25.) The Fourth Circuit issued its Mandate and Judgment on November 9, 2020. (ECF No. 26.) The Court has reviewed the Report and the record *de novo*, and finds Petitioner's objections to be without merit; therefore, it will enter judgment accordingly.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the Court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982) (citations omitted). In the absence of a specific objection, the Court reviews the Magistrate's

conclusions only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). On October 8, 2019, Petitioner filed specific objections (ECF No. 14), and the Court has thus conducted the requisite *de novo* review.

## DISCUSSION

The Magistrate Judge found that dismissal is warranted because the Court lacks jurisdiction to consider the § 2241 petition, as Petitioner is unable to show that § 2255 is inadequate to test the legality of his sentence. (*See* ECF No. 10 at 3–6.) "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[2] *In re Vial*, 115 F.3d at 1194. "[T]he remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n.5.

The Fourth Circuit has identified specific circumstances when a federal prisoner may use a § 2241 petition to contest his sentence pursuant to the savings clause.

---

[2] The "savings clause" states:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention*.

28 U.S.C. § 2255(e) (emphasis added).

Specifically, § 2255 is inadequate or ineffective when:

> (1) at the time of the sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*U.S. v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). The savings clause is a jurisdictional provision; if a petitioner cannot satisfy the savings clause, the district court lacks jurisdiction to consider the petition. *Id.* at 423.

Magistrate Judge Hodges determined that the Court lacks jurisdiction to consider the petition because Petitioner cannot show that § 2255 is inadequate or ineffective to challenge the legality of his sentence. Specifically, the Magistrate Judge found that Petitioner's reliance on *Mathis v. United States*, 579 U.S. 500 (2016), *United States v. Hinkle*, 832 F.3d 569 (5th Cir. 2016), and *Holt v. United States*, 843 F.3d 720 (7th Cir. 2016), was misplaced. In *Mathis*, the U.S. Supreme Court clarified proper application of the categorical approach and modified categorical approach in determining whether a defendant's prior conviction qualifies as a predicate offense for a sentence enhancement under the Armed Career Criminal Act ("ACCA"). *See* 579 U.S. at 503–07, 517–20 (holding application of ACCA involves comparing elements only to determine whether prior offense is the same or narrower than the relevant generic offense; when a statute lists possible alternative means of commission, courts may not ask whether the defendant's specific conduct falls within the generic definition and must apply the categorical, not the modified categorical, approach). Here, Petitioner challenges his designation as a career offender, arguing that certain of his prior convictions for drug

4

related offenses should not have been counted as "controlled substance offense" predicates for purposes of the career offender guidelines enhancement. (*See* ECF No. 1-2 at 6–31.)

With regard to *Hinkle* and *Holt*, the Report notes that in reviewing § 2241 petitions, the Court "must apply the substantive law 'of the circuit where a defendant was convicted'"—in this case the Third Circuit. (*See* ECF No. 10 at 5 (quoting *Hahn v. Moseley*, 931 F.3d 295, 301 (4th Cir. 2019)).) The Report explains that the Third Circuit has not deemed *Mathis* retroactive on collateral review, "except '[w]hen a defendant's second or successive § 2255 motion recites a *Johnson*[3] claim that satisfies § 2255(h)'s gatekeeping requirements.'" (*Id.* (quoting *United States v. Peppers*, 899 F.3d 211, 229–30 (3d Cir. 2018)).) The Report further explains that *Johnson*, like *Mathis*, addressed sentence enhancements under the ACCA, holding that imposing an increased sentence under the residual clause of the ACCA violates due process because the residual clause is unconstitutionally vague. (*Id.* at 5–6 (citing *Johnson*, 576 U.S. at 606).) Finally, the Report notes that Petitioner was not sentenced under the ACCA, has not advanced a *Johnson* claim, and "fails to cite law from either the Supreme Court or the Third Circuit suggesting how the Court's holding in *Mathis* would impact his guidelines-based sentence enhancement." (*Id.* at 6.)

Petitioner objects to the Magistrate Judge's conclusion that the Court lacks jurisdiction to consider his § 2241 petition and asserts that he meets the *Wheeler* test. (ECF No. 14 at 3.) He appears to take issue with the Report's citation to *Hahn v. Moseley* for the proposition that courts reviewing § 2241 petitions must apply the substantive law of the circuit where a defendant was convicted, but he does not explain

---

[3] *Johnson v. U.S.*, 576 U.S. 591 (2015).

5

why this proposition is incorrect. (*See id.*) The Court finds that the Magistrate Judge's citation to *Hahn* was indeed correct, and Petitioner must show that the substantive law of the Third Circuit or the Supreme Court changed and was deemed to apply retroactively on collateral review in order to satisfy the second prong of *Wheeler*. *See Hahn*, 931 F.3d at 301 ("[W]e apply our procedural law, but [the] substantive law [of the circuit where a defendant was convicted] governs the petition.").

Petitioner next objects to the Magistrate Judge's conclusion that the Third Circuit has not deemed *Mathis* retroactively applicable on collateral review. (ECF No. 14 at 3.) He contends that the Report's reliance on *United States v. Peppers* is misplaced "because that case was about a second or successive § 2255 Motion and the gatekeeping requirements under § 2244," and "did not have anything to do with a § 2241 Petition." (*Id.* at 3–4.) But Petitioner's attempt to distinguish *Peppers* is inapt. The Magistrate Judge did not cite *Peppers* for the purpose of drawing an equivalence between the posture of that case and the instant case, but rather to show that the Third Circuit has not deemed *Mathis* to be retroactive on collateral review. As to that specific issue, the *Peppers* court stated, "The Supreme Court has never held that *Mathis*, [*Descamps v. U.S.*, 570 U.S. 254 (2013)], or [*Johnson v. U.S.*, 559 U.S. 133 (2010) ("*Johnson 2010*")] apply retroactively to cases on collateral review, nor do any combination of Supreme Court precedents dictate the retroactivity of those cases." 899 F.3d at 229 (citing *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) ("*Mathis* has not been declared retroactive by the Supreme Court—nor is it a new rule of constitutional law. *Mathis* interprets the statutory word 'burglary' and does not depend on or announce any novel principle of constitutional law.")).

6

Petitioner notes (*see* ECF No. 14 at 4) that *Peppers* cites *Dawkins v. United States*, 829 F.3d 549 (7th Cir. 2016) for the proposition that "*Mathis* . . . is a case of statutory interpretation[,]" and that *Dawkins* elsewhere states, "An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241." 829 F.3d at 551. However, in *Dawkins*, the Seventh Circuit denied the defendant's request for authorization to file a successive motion to vacate under § 2255 where the defendant sought to challenge, under *Johnson* and *Mathis*, his classification as a career offender based upon his previous Illinois convictions for aggravated vehicular hijacking and residential burglary. *Id.* at 550. The Seventh Circuit found that Dawkins had already been denied permission to file a successive § 2255 motion based on *Johnson*, so the claim was barred by 28 U.S.C. § 2244(b)(1), and further found that *Mathis* did not provide an independent basis for authorization. *Id.* at 550–51. Simply put, *Dawkins* has no application to whether Petitioner can meet the second prong of *Wheeler* and the objection is inapposite to the extent that it relies on *Dawkins*.

Petitioner next argues that his reliance on *Hinkle*, a Fifth Circuit case, is proper because the Third Circuit, in *United States v. Glass*, 904 F.3d 319 (3rd Cir. 2018), "cites *Hinkle* as precedent standing for the proposition that a violation of § 780-113(a)(30) is broader than the Guidelines' definition of a 'controlled substance offense' to the extent it criminalizes a mere offer to sell drugs." (ECF No. 14 at 4.) The objection misconstrues *Glass* and misrepresents the holding in that case. In *Glass*, on direct appeal, the Third Circuit affirmed the defendant's sentence, finding that his prior convictions under Pennsylvania's controlled substances statute qualified as predicates for career-offender enhancement. 904 F.3d at 321–24. The *Glass* court stated, "because § 780-113(a)(30)

7

*does not* sweep more broadly than § 4B1.2, it is a 'controlled substance offense' and may serve as a predicate offense to a career-offender enhancement under § 4B1.1." 904 F.3d at 324 (emphasis added). In other words, the holding in *Glass* is directly contrary to Petitioner's theory of relief.

Petitioner cannot meet the second prong of the *Wheeler* test because he has not shown that there was a subsequent change of law deemed to apply retroactively on collateral review that would render his sentence unlawful. *Wheeler*, 886 F.3d at 429. Accordingly, the Magistrate Judge was correct to recommend that the § 2241 petition be dismissed for lack of jurisdiction and Petitioner's objections are overruled.

## CONCLUSION

For the reasons stated above and by the Magistrate Judge, the Court overrules Petitioner's objections and adopts and incorporates herein the Magistrate Judge's Report. It is therefore ORDERED that Petitioner's § 2241 petition is DISMISSED without prejudice and without requiring the respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce Howe Hendricks
United States District Judge

July 15, 2022
Greenville, South Carolina

*****

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified that any right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.

8